1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **VICTOR OJEDA,** | ) | **CV F 04-6455 OWW WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **PETITION FOR WRIT OF** |
| | ) | **HABEAS CORPUS** |
| | ) | |
| **A. K. SCRIBNER,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On June 29, 2001, in Fresno County Superior Court, Petitioner was convicted of one count of attempted murder (Pen. Code §§ 664/187(a)) and one count of assault with a firearm (§ 245(a)(2)).  The jury also found true enhancement allegations of personal use and discharge of a firearm (§§ 1203.06(a)(1), 12022.5(a)(1), 12022.53(b),(c), (d)) and personal infliction of great bodily injury (§12022.7(a)).  Petitioner further admitted having two prior

convictions and having served one prior prison term within the meaning of Section 667.5(b). The court sentenced Petitioner to an aggregate term of thirty-two years to life.

Petitioner filed a direct appeal with the California Court of Appeal for the Fifth Appellate District ("Court of Appeal").  The Court of Appeal denied the appeal in an unpublished decision entered January 27, 2003.  Petitioner filed a petition for review with the California Supreme Court, which denied the petition on April 9, 2003.

Petitioner filed a petition for writ of habeas corpus with the Fresno County Superior Court on September 10, 2003.  The court denied the petition on September 16, 2003.  On October 14, 2003, Petitioner filed a petition for writ of habeas corpus with the Court of Appeal.  That court denied the petition on October 23, 2003.  On November 17, 2003, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court.  The court denied the petition on September 1, 2004.

## LEGAL STANDARD

### JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

1  (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5ᵗʰ Cir.1996), *cert. denied,* 520 U.S. 1107,

2  117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

3  S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

4  The instant petition was filed on October 26, 2004, after the enactment of the AEDPA, thus it

5  is governed by its provisions.

6  STANDARD OF REVIEW

7        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

8  custody pursuant to the judgment of a State court only on the ground that he is in custody in

9  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

10       The AEDPA altered the standard of review that a federal habeas court must apply

11 with respect to a state prisoner's claim that was adjudicated on the merits in state court.

12 Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

13 habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

14 that was contrary to, or involved an unreasonable application of, clearly established Federal

15 law, as determined by the Supreme Court of the United States;" or "resulted in a decision

16 that was based on an unreasonable determination of the facts in light of the evidence

17 presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

18 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v.

19 Lindsey, 212 F.3d 1143 (9ᵗʰ Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).

20 "A federal habeas court may not issue the writ simply because that court concludes in its

21 independent judgment that the relevant state-court decision applied clearly established

22 federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather, that

23 application must be objectively unreasonable."  Id. (citations omitted).

24       While habeas corpus relief is an important instrument to assure that individuals are

25 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

26 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a

27

28                                       3

1    criminal conviction is the primary method for a petitioner to challenge that conviction.

2    Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the

3    state court's factual determinations must be presumed correct, and the federal court must

4    accept all factual findings made by the state court unless the petitioner can rebut "the

5    presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1);

6    Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99,

7    116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

8         A petitioner who is in state custody and wishes to collaterally challenge his

9    conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28

10   U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives

11   the state court the initial opportunity to correct the state's alleged constitutional deprivations.

12   Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,

13   455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

14   Cir. 1988).

15        A petitioner can satisfy the exhaustion requirement by providing the highest state

16   court with a full and fair opportunity to consider each claim before presenting it to the federal

17   court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88

18   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given

19   a full and fair opportunity to hear a claim if the petitioner has presented the highest state

20   court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct.

21   887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719

22   (1992) (factual basis). Additionally, the petitioner must have specifically told the state court

23   that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at

24   888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

25        When  the California Supreme Court's opinion is summary in nature, however, this

26   court "looks through" that decision and presumes it adopted the reasoning of the California

27

28                                            4

Court of Appeal, or the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

In the present case, Respondent concedes that Petitioner has exhausted all the claims now before the court. The last reasoned decision issued on Petitioner's habeas corpus petitions in state court was the opinion issued by the Fresno County Superior Court on.

## STATEMENT OF FACTS

The court finds the Court of Appeal correctly summarized the facts in its January 27, 2003 opinion. Thus, the court adopts the factual recitations set forth by the Court of Appeal.

## DISCUSSION

Ineffective Assistance of Trial Counsel

Petitioner contends that he was deprived of his right to effective assistance of counsel at trial. Specifically, Petitioner contends that trial counsel was ineffective for the following: 1) failing to impeach the government's two key percipient witnesses (the victim and his girlfriend) with their prior convictions of crimes of moral turpitude; 2) not investigating or challenging Officer Byrd's testimony that Adrian Castanon said he called Petitioner on June 19, 2000, to inquire if Petitioner wanted to go to a party; 3) not requesting a continuance to investigate the statement by Olivia Amesquita regarding a statement made by Petitioner to the victim; 4) proffering a photograph of Petitioner which showed a gang tattoo across his chest; and 5) failing to object to Respondent's closing arguments.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales

v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995).  Judicial scrutiny of counsel's performance is highly deferential.  A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness.  Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. Strickland, 466 U.S. 668, 697, 104 S.Ct. 2052, 2074 (1984).  Since the defendant must affirmatively prove prejudice, any deficiency that does not result in prejudice must necessarily fail. However, there are certain instances which are legally presumed to result in

6

prejudice, e.g., where there has been an actual or constructive denial of the assistance of counsel or where the State has interfered with counsel's assistance. See Strickland, 466 U.S. at 692; United States v. Cronic, 466 U.S., at 659, and n. 25, 104 S.Ct., at 2046-2047, and n. 25 (1984).

Ineffective assistance of counsel claims are analyzed under the "unreasonable application" prong of Williams v. Taylor, 529 U.S. 362 (2000).  Weighall v. Middle, 215 F.3d 1058, 1062 (2000). .  "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [United States Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 413.  The habeas corpus applicant bears the burden to show that the state court applied United States Supreme Court precedent in an objectively unreasonable manner.  Price v. Vincent, 538 U.S. 634, 640 (2003).

In the last reasoned decision, the Superior Court held as follows:

Petitioner claims that he was denied effective assistance of trial and appellate counsel .   .   .   .   Specifically, petitioner contends that counsel failed to effectively attack the credibility of the witnesses against him, to obtain evidence that would undermine the credibility of these witnesses, and to object to the introduction of specific evidence. He also argues that the trial court erred in failing to strike the testimony of Olivia Amesquita or to declare a mistrial based on prosecutor misconduct.  However, the credibility of the witnesses and the statement of Ms. Amesquita are part of the trial record and were discussed as part of petitioner's appeal.  Petitioner has provided no new evidence concerning the witnesses that, in light of the whole record, would have affected the outcome in this case .   .   .   .

This court finds that, as Respondent argues, regardless of any alleged deficiency on the part of trial counsel, Petitioner cannot show prejudice.  Much of Cortez's and Trevino's testimonies were corroborated by other witnesses and despite defense alibi witnesses averring that Petitioner was in Sacramento attending a family party around the time of the shooting, there was no reasonable doubt that Petitioner's went to Cortez's apartment during that time.  Because Petitioner cannot demonstrate prejudice, it is unnecessary for the court to decide whether trial counsel's performance was actually deficient.  Having concluded that Petitioner has failed to establish a ineffective assistance of trial counsel, the court must find

7

that Petitioner has failed to carry his burden under 28 U.S.C. Section 2254(d) of showing that the state courts' adjudication of this claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).  Thus, this court must find  that this claims presents no basis for habeas corpus relief.

Failure to Strike Amesquita's Testimony

Petitioner contends that the trial court committed reversible error in failing to strike the testimony of Olivia Amesquita, or declare a mistrial, based on prosecutorial misconduct.

On the third day of trial, the prosecutor informed the trial court and trial counsel as follows:

> [T]he witness who I intended on calling this morning by the name of Olivia Amesquita has advised that she overheard a statement by [appellant] during or at the conclusion of the fight two weeks prior that's been alluded to by evidence presented to in the case. [Appellant] said something to the effect that, "If you weren't my homey," to Chris Cortez, "I'd blast you right now." [¶] And it's my intention to call Ms. Amesquita and address that issue with her, and it's the People's position that statement is highly relevant, given the fact that the fight is the source of the motive for the attempted murder charge as well as the shooting itself.  And that's the People's position.

Petitioner's trial counsel objected to the admission of this evidence, primarily on the ground of undue prejudice.  The trial court overruled the objection and admitted the statement.  After Amesquita testified, trial counsel renewed his objection to the admission of the disputed statement, this time on the ground of discovery violation.  The trial court overruled the objection, finding no discovery violation under state statutory rules or the Due Process Clause pursuant to  Brady v. Maryland, 373 U.S. 83 (1963).

Petitioner contends that by not disclosing this evidence sooner,  the prosecutor violated his duty under Brady v. Maryland, 373 U.S. 83 (1963) to disclose exculpatory evidence.  There is no merit to this contention.  As the trial court found, the statement in question was inculpatory, not exculpatory, and the prosecutor had no duty to disclose it under Brady.  Further, to the extent that Petitioner is arguing a violation of state law under Penal

8

Code Section 1054.1, this state law claim is not cognizable on a federal habeas petition. Habeas corpus relief is not available to correct alleged errors in the state court's application or interpretation of state law. Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).   Accordingly, Petitioner cannot meet his burden of showing that the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Thus, this claim presents no basis for habeas corpus relief.

Ineffective Assistance of Appellate Counsel

Petitioner contends that this appellate counsel was ineffective for failing to raise the two contentions discussed above -ineffective assistance of trial counsel and discovery violations.  Because the court has determined that neither of these contentions have merit, Petitioner cannot prevail on his claim that appellate counsel was ineffective for failing to raise them on appeal.  Thus, Petitioner cannot meet his burden under 28 U.S.C. Section 2254(d) of showing that the state courts' rejection of this contention  "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  Therefore, this claim presents no basis for habeas corpus relief.

Sufficiency of Evidence

Petitioner contends that there was insufficient evidence to support his conviction of attempted murder, arguing that the evidence was insufficient to establish an intent to kill.

The law on insufficiency of the evidence claim is clearly established.  The United

9

1   States Supreme Court has held that when reviewing an insufficiency of the evidence claim on

2   habeas, a federal court must determine whether, viewing the evidence and the inferences to

3   be drawn from it in the light most favorable to the prosecution, any rational trier of fact could

4   find the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443

5   U.S. 307, 319 (1979).  Sufficiency claims are judged by the elements defined by state law.

6   Id. at 324 n. 16.

7       Under California law,"[i]n order to prove an attempted murder charge, there must be

8   sufficient evidence of the intent to commit murder plus a direct but ineffectual act towards its

9   commission."  People v. Chinchilla, 52 Cal.App.4th 683, 690 (1997).   The Court of Appeal

10  found that there was sufficient evidence to support Petitioner's attempted murder conviction

11  - - specifically "that Petitioner intended to kill Cortez."  As Respondent argues, a review of

12  the record demonstrates that a rational juror could have so found beyond a reasonable doubt.

13  Petitioner habitually carried a 9mm handgun.  (RT 2558).  Cortez was not a stranger to

14  Petitioner - there was no issue of mistaken identity.   Just two weeks prior to the shooting,

15  Petitioner and Cortez had been involved in a physical altercation.  (RT 265.)   After being

16  pulled apart, Petitioner said to Cortez, "You're luck you're my homeboy, or I would have

17  blasted your ass."  (RT 381).  During the two weeks between the fight and shooting,

18  Petitioner and Cortez, despite being close friends, made no efforts in reconciliation, or any

19  communication whatsoever.  (RT 266.)  The initial shot Petitioner landed four to five feet

20  away from Cortez.  (RT 259.)  Petitioner was approximately 10 to 15 feet away from Cortez

21  when he fired the shot that struck Cortez.  (RT 266).  See People v. Chinchilla, 52

22  Cal.App.4th at 690 ("The act of firing toward a victim at close, but not point blank, range 'in

23  a manner that could have inflicted a mortal would had the bullet been on target is sufficient

24  to support an inference of intent to kill .  .  .").

25      The bullet fired by Petitioner struck Cortez in the abdomen.  Under People v.

26  Lashley, 1 Cal.App.4th 938, 945 (1991), "[t]he fact that the shoot may have fired only once

27

28                                          10

1  and then abandoned his efforts out of necessity or fear does not compel the conclusion that

2  he lacked the animus to kill in the first instance.  Nor does the fact that the victim escaped

3  death because of the shooter's poor marksmanship necessarily establish a less culpable state

4  of mind.").

5        Because a rational juror could have found Petitioner guilty beyond a reasonable

6  doubt,  Petitioner cannot meet his burden of showing that the adjudication of the claim

7  "resulted in a decision that was contrary to, or involved an unreasonable application of,

8  clearly established Federal law, as determined by the Supreme Court of the United States;"

9  or "resulted in a decision that was based on an unreasonable determination of the facts in

10  light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d).

11  Accordingly, this claim presents no basis for habeas corpus relief.

12  Admission of Statement

13        Petitioner finally contends that the trial court abused its discretion in admitting the

14  testimony of Olivia Amesquita that Petitioner had made the statement, "[y]ou're luck you're

15  my homeboy, or I would have blasted your ass."  Petitioner claims that the trial court abused

16  its discretion in denying trial counsel's objection, ruling that the statement was highly

17  relevant, went to motive and was therefore admissible.

18        Generally, the admissibility of evidence is a matter of state law, and is not reviewable

19  in a federal habeas corpus proceeding. Estelle, 112 S.Ct. at 477; Middleton v. Cupp, 768 F.2d

20  1083, 1085 (9th Cir.), cert. denied, 478 U.S. 1021 (1985).  Nevertheless, there can be habeas

21  relief for the admission of prejudicial evidence if the admission was fundamentally unfair

22  and resulted in a denial of due process. Estelle, 112 S.Ct. at 482; Pulley v. Harris, 465 U.S.

23  37, 41, 104 S.Ct. 871, 874 (1984); Walters v. Maas, 45 F.3d 1355, 1357 (9th Cir. 1995);

24  Jeffries v. Blodgett, 5 F.3d 1180, 1192 (9th Cir. 1993), cert. denied, 510 U.S. 1191, 114 S.Ct.

25  1294 (1994); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990).  However, the failure to

26  comply with state rules of evidence alone is neither a necessary nor a sufficient basis for

27

28

granting federal habeas relief on due process grounds.  <u>Jammal v. Van de Kamp</u>, 926 F.2d

918, 919-920 (9th Cir. 1991).  Only if there are no permissible inferences that the jury may

draw from the evidence can its admission rise to the level of a due process violation.  <u>Id.</u> at

920.  A permissible inference may be drawn when the character evidence seeks to establish a

material fact of the crime charged, such as motive or opportunity.  <u>See</u> <u>generally</u>, <u>People v.</u>

<u>Thompson</u>, 27 Cal.3d. 303, 315 (1980).

   The Court of Appeal rejected Petitioner's contention, finding that the admission of

the disputed statement did not violate Petitioner's constitutional right to due process.  In

ruling on this issue, the Court of Appeal held:

> [O]ne of the critical questions in this case was whether [Petitioner] intended to kill
> Cortez when he fired the shots in Cortez's direction.  The fact that the disputed
> statement tends to establish that [Petitioner] had access to a firearm and understood
> how to use one does not make it inflammatory.  All murder prosecutions contain
> evidence that the accused had the ability to commit the charged crimes.  The fact that
> [Petitioner] specifically threatened Cortez with a gun only two weeks before the
> events in question is highly probative of [Petitioner's] willingness to use deadly force
> against Cortez.

This court finds that Petitioner has failed to show that adjudication of the claim "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States;" or "resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, this claim

presents no basis for habeas corpus relief.

   Based on the foregoing, IT IS HEREBY RECOMMENDED that the petition for writ

of habeas corpus be DENIED and that judgment be entered for Respondent.

   These Findings and Recommendation are submitted to the assigned United States

District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 19, 2007**              **/s/  William M. Wunderlich**
mmkd34                                                    UNITED STATES MAGISTRATE JUDGE

13